# NO. 12-12-00386-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GARY DEWAYNE ROBERTSON,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL  DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Gary Dewayne Robertson appeals his conviction for burglary of a habitation, for which he was sentenced to imprisonment for fifty years.  Appellant raises two issues challenging the legal sufficiency of the evidence supporting the conviction.  We affirm.

## BACKGROUND

Appellant was charged by indictment with burglary of a habitation and pleaded "not guilty."  The matter proceeded to a jury trial.

The evidence at trial showed that around 5:00 a.m. on November 21, 2011, Jody Morton arrived at Montee's Auto World, a car lot and twenty-four hour wrecker service, to work on a car.  He noticed that the back door was open and a window near the door was smashed.  He notified Montee Poole, the owner, who then called the police.  Police officers apprehended Appellant and another man after spotting them in a pickup truck carrying items stolen from Montee's.

In addition to producing evidence at trial regarding the burglary, the State produced evidence regarding Poole's use of Montee's for overnight accommodation.  Ultimately, the jury found Appellant "guilty" as charged and sentenced him to imprisonment for fifty years.  This appeal followed.

In his first issue, Appellant argues that the evidence is legally insufficient to support a finding that Montee's Auto World was a habitation. In his second issue, Appellant argues that the evidence is legally insufficient to support a finding that he entered any part of Montee's currently used for overnight accommodation.

**Standard of Review and Governing Law**

The *Jackson v. Virginia*[1] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson*, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also Escobedo v. State*, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *see also Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

To satisfy the elements of burglary of a habitation, the State was required to prove that Appellant, without the consent of the owner, entered a habitation with intent to commit theft. *See* TEX. PENAL CODE ANN. § 30.02 (West 2011).

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

**Analysis**

A "habitation" is defined in the penal code as "a structure or vehicle that is adapted for the overnight accommodation of persons, and includes: (A) each separately secured or occupied portion of the structure or vehicle; and (B) each structure appurtenant to or connected with the structure or vehicle." TEX. PENAL CODE ANN. § 30.01(1) (West 2011). "What makes a structure 'suitable' or 'not suitable' for overnight accommodation is a complex, subjective factual question fit for a jury's determination." *Blankenship v. State*, 780 S.W.2d 198, 209 (Tex. Crim. App. 1989). In answering this question, the jury may consider factors such as (1) whether the structure was being used as a residence at the time of the offense, (2) whether the structure contained items common to residential structures, and (3) whether the character of the structure is such that it was likely intended to be used for overnight accommodation. *Id.* None of these factors is essential to the determination, and none is dispositive. *Id.* The standard of review is whether a reasonable trier of fact could have found the structure to be a habitation under these criteria. *Id.* at 209-10.

In this case, Poole testified that he spent the night at Montee's Auto World at least one to three times per month, the last time being within two weeks of the burglary. He stated that he slept on a fold-out couch in the lobby. He kept sheets, blankets, and pillows on the premises for overnight use. He also had other items to facilitate his overnight stays. The lobby had a television set. In the room where cars were tuned, there was a kitchen area that contained a refrigerator with food and drinks, a microwave oven, a dining table, pots, pans, cooking utensils, plates, glasses, forks, and spoons. Montee's also had a shower located in another room where parts and files were stored.

Based on our review of the record, we conclude that a rational trier of fact could have found that Montee's Auto World was a habitation. In arguing that the State had the burden to prove Appellant entered a part of Montee's that was currently used for overnight accommodation, Appellant relies on case law that predates the current definition of "habitation" and instead uses the earlier, more narrowly defined term "private residence." *See Blankenship*, 780 S.W.2d at 208. By its current definition, "habitation" includes the structure adapted for overnight accommodation as well as any structure appurtenant to or connected with it. *See* TEX. PENAL CODE ANN. § 30.01(1). Accordingly, we hold that the evidence is legally sufficient to

3

support the jury's finding that when Appellant entered Montee's Auto World, he entered a habitation.

Appellant's first and second issues are overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

SAM GRIFFITH
Justice

Opinion delivered January 15, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 15, 2014**

**NO. 12-12-00386-CR**

**GARY DEWAYNE ROBERTSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 30899)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*